JS-6

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| David Angel Sifuentes, III,<br><br>PLAINTIFF(S)<br>v.<br><br>Dave Inc.,<br><br>DEFENDANT(S) | **CASE NUMBER**<br><br>CV 24-3628-MWF (PDx)<br><br>**ORDER ON REQUEST TO PROCEED**<br>***IN FORMA PAUPERIS***<br>**(NON-PRISONER CASE)** |

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.   ☒ is able to pay the filing fees.

☐ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☒ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

  ☒ The District Court lacks ☒ subject matter jurisdiction ☐ removal jurisdiction.
  ☐ The action is frivolous or malicious.
  ☒ The action fails to state a claim upon which relief may be granted.
  ☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

June 6, 2024
Date

_[signature]_
United States District Judge

The Court takes judicial notice that Plaintiff has filed numerous cases in the federal courts in Michigan and elsewhere challenging data breaches, and he is subject to various filing restrictions and warnings. *See Sifuentes v. Pluto TV*, No. 1:23-CV-1013, 2023 WL 7319434, at *1 (W.D. Mich. Nov. 7, 2023) (noting Plaintiff "filed over thirty cases since March of 2019" and that in 2022 "Plaintiff filed eleven cases in rapid sequence all of which claimed that the defendant or defendants caused a data breach"); *Sifuentes v. Pluto TV*, No. 1:23-CV-1013, 2023 WL 8856584, at *4 (W.D. Mich. Nov. 30, 2023) (Plaintiff's "repeated filing of repetitive and frivolous actions . . . demonstrates the need for pre-filing screening of any new cases").

Plaintiff has now turned to this Court raising similar allegations. He states that in 2020 a data breach occurred at Dave Inc. ("Defendant"), and credit-monitoring services were offered by Defendant. (Docket No. 1 at 2). He alleges that this "could" indicate the breach exposed his bank information and it "may come to light" that his information is still at risk. (*Id.*). He demands $125,350,000 and other forms of relief for "the stress and worrying" about his increased risk of identity theft. (Docket No. 1 at 3; Docket No. 1-1 at 1).

These allegations fail to establish standing. *See Bates v. UPS*, 511 F.3d 974, 985 (9th Cir. 2007) (en banc) (Article III "[s]tanding is a threshold matter central to our subject matter jurisdiction"). Standing requires an "injury in fact," a "causal connection between his injury and the conduct complained of," and that the injury will "likely . . . be redressed by a favorable decision." *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560-61 (1992) (internal quotation marks omitted). Specifically, "in the data breach context, where the asserted theory of injury is a substantial risk of identity theft or fraud, a plaintiff suing for damages can satisfy concreteness as long as he alleges that the exposure to that substantial risk caused additional, currently felt concrete harms." *Clemens v. ExecuPharm Inc.*, 48 F.4th 146, 155-56 (3d Cir. 2022) (discussing *TransUnion LLC v. Ramirez*, 594 U.S. 413 (2021)). Plaintiff's allegations that his bank information "could" be exposed, or risk to his information from a data breach four years ago "may come to light," are insufficient to establish a concrete harm to satisfy standing. *See, e.g., Riordan v. Western Digital Corporation*, 2023 WL 6462857, at *5 (N.D. Cal. Sept. 29, 2023) (plaintiffs lacked standing to sue for "future data misuse" where complaint was "devoid of any allegations indicating data theft"). For the same reason, Plaintiff has failed to establish a claim upon which relief can be granted.

The Court is not alone in reaching these determinations, including involving the same claim and Defendant. *See Sifuentes v. Slickwraps*, No. 1:22-CV-1142, 2023 WL 8933267, at *2 (W.D. Mich. Nov. 30, 2023) (noting the "jurisdictional problem with [Plaintiff's] lawsuits . . . that led to . . . dismissal: Plaintiff had failed to sufficiently allege an Article III data breach injury"); *Sifuentes v. Pluto TV*, 2023 WL 7319434, at *3 (Plaintiff "simply claim[ing] the existence of a breach . . . and from that speculat[ing] a parade of horribles" is "simply too vague and conclusory to state a claim upon which relief may be granted" and establish Article III standing"); *Sifuentes v. Dave Inc.*, No. 1:23-CV-984, 2023 WL 7295187, at *3 (W.D. Mich. Nov. 6, 2023) ("There is simply no way that Plaintiff can demonstrate the injury in fact and traceability necessary for Article III standing in a data breach claim against Dave Inc. on the facts alleged. And for the same reason, he cannot establish a . . . plausible data breach claim against Dave Inc.").

Accordingly, this action is **DISMISSED** without leave to amend and without prejudice. *See* Fed. R. Civ. P. 12(b)(1); *Schmier v. U.S. Court of Appeals for the Ninth Circuit*, 279 F.3d 817, 824-25 (9th Cir. 2002) (dismissal without leave to amend for lack of standing proper where complaint "failed to allege any harm that could remotely approach the threshold requirement of having personal, concrete, and actual or imminent injury"); *Bailey v. Johnson*, 846 F.2d 1019, 1021 (5th Cir. 1988) (complaint repeating same allegations asserted in earlier case is subject to dismissal as duplicative). In light of this dismissal, the Request (Docket No. 3) is **DENIED**.